IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01825-ZLW-BNB

THE ESTATE OF CHANDA JOHNSON, deceased, by
DORRIS RICHARDSON, Personal Representative,

Plaintiff,

v.

AVAYA, INC., a Delaware corporation,

Defendant.

_____

**ORDER**
_____

This matter is before me on the **Defendant's Unopposed Motion to Excuse Requirement of Client Representative Attendance at Status/Settlement Conference or In the Alternative, to Allow Client Representative to Participate By Telephone** (the "Motion"), filed November 18, 2005. The Motion is GRANTED as specified below.

The defendant has filed a motion to dismiss the case based on a settlement having been reached. The plaintiff disputes the fact that she agreed to settle the case and, although represented by counsel, has filed a *pro se* document captioned "Plaintiff's Rejection of Defendant's Final Settlement Offer and Request for Trial on Merits Based Upon New Evidence." In an attempt to resolve this dispute and possibly facilitate a settlement of the case without any further litigation, I entered an order setting a status/settlement conference on December 1, 2005. Among other things, I ordered that the parties or their representatives with full authority to settle the case be present in person at the December 1 conference.

The defendant requests that it be excused from the obligation of having its representative travel from New Jersey to attend the conference in person, stating:

> This case has been settled. A settlement already has been reached and need only be enforced by the Court. . . . Having reached an agreement on all terms of settlement, Defendant understandably will not agree to alter the terms of the extant agreement in any way, whether at the Conference or at any time in the future. Therefore, Defendant respectfully requests that it be relieved of the requirement that its client representative be present at the Conference.

Motion, at ¶2.

I am willing to allow the defendant's client representative to attend the conference by telephone, principally because the Motion is unopposed. I will require that the representative be available by telephone throughout the conference, however, and at least for the period of time from 3:30 to 5:00 p.m., Mountain Standard Time. I note that the client representative is located in New Jersey. Consequently, the representative must be available at a time beyond normal business hours.

IT IS ORDERED that the Motion is GRANTED to excuse the attendance, in person, of the defendant's client representative.

IT IS FURTHER ORDERED that the defendant must have a client representative with full authority to settle the case available by telephone on December 1, 2005, from 3:30 p.m., Mountain Standard Time, until the conference is concluded.

Dated November 22, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge