IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01825-ZLW-MJW

THE ESTATE OF CHANDA JOHNSON,
Deceased, by DORRIS RICHARDSON,

    Plaintiff/Personal Representative,

v.

AVAYA, INC., a Delaware Corporation.

    Defendant.

---

**RECOMMENDATIONS ON
(1) DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE BASED UPON SETTLEMENT (DOCKET NO. 68),
(2) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED UPON SETTLEMENT (DOCKET NO. 89),
and
(3) PLAINTIFF'S REJECTION OF DEFENDANT'S SETTLEMENT OFFER AND REQUEST FOR TRIAL ON MERITS BASED UPON NEW EVIDENCE (DOCKET NO. 70)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

    This case is before this court pursuant to an Special Order of Reference to United States Magistrate Judge issued by Senior District Judge Zita L. Weinshienk on December 5, 2005. This court held a hearing on January 17, 2006, on: (1) Defendant's Motion to Dismiss with Prejudice Based Upon Settlement (docket no. 68), (2) Defendant's Motion for Summary Judgment Based Upon Settlement (docket no. 89), and (3) Plaintiff's Rejection of Defendant's Settlement Offer and Request for Trial on

Merits Based Upon New Evidence (docket no. 70).  The court has considered the testimony and credibility of Jacquelyn Anderson and Dorris Richardson.  In addition, the court has considered Plaintiff's Exhibit 1 and has taken judicial notice of the court's file.  Furthermore, the court has considered applicable Federal Rules of Civil Procedure and case law.  Lastly, the court has considered oral argument presented by the parties.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Rule 56(b) of the Federal Rules of Civil Procedure provides in pertinent part that "[a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."  Fed. R. Civ. P. 56(b).  In addition, Rule 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

3

The court incorporates by reference Plaintiff's Exhibit 1,[1] for judicial economy, and finds that all information in Plaintiff's Exhibit 1 is correct.  The court further finds that the parties entered into a binding settlement agreement concerning this case that resolves all claims in this case as reflected in the written Waiver, Release, and Settlement Agreement.  See Plaintiff's Exhibit 1.  Furthermore, the Plaintiff has failed to demonstrate any new evidence to suggest that a full and complete settlement of all claims brought in this lawsuit have not been settled.  Moreover, the court finds that the Plaintiff has failed to comply with this court's order of October 11, 2005, by failing to cooperate in the execution of the settlement agreement.  Lastly, the court finds that there are no genuine issues of material fact as to whether a full and complete settlement was reached in this case and there are no genuine issues of material fact as to the terms and conditions of such settlement.  See Plaintiff's Exhibit 1.

Therefore, the court concludes that Defendant is entitled to dismissal of the case pursuant to Fed. R. Civ. P. 41(b) based upon a binding settlement agreement that was reached between the parties as reflected in the written Waiver, Release, and Settlement Agreement.  See Plaintiff's Exhibit 1 and Shoels v. Klebold, 375 F.3d 1054, 1064 (10th Cir. 2004) (enforcing agreement to settle despite the fact that the release

---

[1]Plaintiff's Exhibit 1 contains a five-page "Stipulations of Fact," a letter dated July 21, 2005, to Larry Carroll, Esq. (plaintiff's counsel), from Patrick J. Miller, Esq. (defense counsel); a settlement letter dated August 5, 2005, to Mr. Miller from Mr. Carroll; an August 4, 2005, settlement letter from Mr. Miller to Mr. Carroll; Letters of Administration and Request for Taxpayer Identification Number and Certification, with a facsimile transmittal sheet dated October 24, 2005, from Mr. Carroll to Mr. Miller with the notation "Settlement Proposal and documents look fine to us;" and a five-page Waiver, Release, and Settlement Agreement.

form was not signed), cert. denied, 125 S. Ct. 1302 (2005).  The Defendant is also entitled to summary judgment pursuant to Fed. R. Civ. P. 56(b) and (c).

## RECOMMENDATION

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion to Dismiss with Prejudice Based Upon Settlement (docket no. 68) be granted.  It is further

**RECOMMENDED** that Defendant's Motion for Summary Judgment Based Upon Settlement (docket no. 89) be granted.  It is further

**RECOMMENDED** that Plaintiff's Rejection of Defendant's Settlement Offer and Request for Trial on Merits Based Upon New Evidence (docket no. 70) be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written specific objections WILL PRECLUDE the party from a *de novo* determination by the District Judge, United States v. Raddatz, 447 U.S. 667, 676-83 (1980), and also WILL PRECLUDE appellate review of both factual and legal questions, Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: January 18, 2006             s/Michael J. Watanabe
     Denver, Colorado             Michael J. Watanabe
                                            United States Magistrate Judge